William C. Brennan, J.
Defendant wife moves for an order “ 1. Granting leave unto the defendant, Ruth Plancher, to reargue and for a reconside ation of her application for an additional counsel fee and disbu: 5ementa to her attorney, Morris *1066 H. Halpern, Esq., for the extraordinary and substantial legal services rendered on her behalf in connection with the defense of this divorce action, brought by the plaintiff-husband against her, and upon the granting of such leave;
2. Recalling its denial of such additional counsel fee and disbursements ; Granting the same, and Fixing the amount to be paid by the plaintiff-husband therefor in the sum of at least $7,500;
3. Amending the judgment of November 20, 1972 only to the extent of including the decretal fixing such additional counsel fee and disbursements, and Directing its payment by the plainr tiff; and
4. Granting unto the defendant such other, further and different relief as may seem just and proper in the premises
In support of her application, her attorney points out that this ‘ ‘ non-fault ’ ’ divorce action was settled with the aid of the court on October 5, 1972, disposing of financial issues and property rights, reserving to the court only the amount of counsel fees to him as her attorney “ payable by the husband pursuant to section 237 of the Domestic Relations Law ’ ’ on affidavits to be submitted; that the court had denied the request" for additional fees beyond the retainer of $3,500 originally paid by the wife and $500 paid by the husband solely for defense of his appeal and prosecution of defendant’s cross appeal in the Appellate Division (35 A D 2d 417); that no application was made for the appeal to the Court of Appeals. Defendant’s counsel urges that the court inadvertently overlooked that plaintiff husband was not entirely successful in this litigation; that the Appellate Division implicitly found substantial merit in defendant wife’s position. He urges that denial of additional counsel fees to him should be recalled for reasons (1) that the husband commenced the action and that it is hornbook law that in such cases it is the husband’s obligation to supply the wife with suit money, citing cases; (2) that the husband, only paid $500 for defending against the husband’s appeal and in prosecuting the wife’s cross-appeal; (3) that the husband was not the “ resisting successful husband ” in this case in that the appeals courts recognized the merits of the wife’s contentions and (4) that the final settlement negates any conclusion that the wife was the unsuccessful party.
He complains that the court’s summary disposition denying him additional counsel fees places attorneys in an unenviable, conflicting and confounding ethical and practical situation where they must resolve the legal conflict between the interests and *1067 welfare of the client and the attorney’s financial loss if he is to be compensated for a meritorious and novel question of law only if entirely successful thereon. He asserts, without citing any authority, that a husband who commences divorce action must pay the full reasonable value of legal services rendered to the wife even if she has advanced part of the cost thereof.
In opposition, the husband’s attorney urges that there is no genuine showing that the court overlooked or misapprehended any of the facts or law in the original application or had made a mistake. He points out that the decision of the Appellate Division was unanimous and that therefore there was no implicit substantial merit as claimed by movant and that, although counsel for movant cites cases decided in 1957, 1969 and 1970, he omits more recent cases which establish the present law as regards counsel fees; that section 237 of the Domestic Relations Law, passed in 1966 and amended six times since, makes no mention of any requirement that a husband is obliged to pay for the wife’s defense of an action brought by him for divorce and that much of the services rendered were generated by the conduct and tactics of the wife’s attorney; that it was two years before he apprized the court that he had received a $3,500 retainer from the wife, and that defendant wife was earning well over $20,000 annually at the time of her application for fees for. the appeal, none of which was revealed to the court at that time.
In his reply affidavit, the wife’s attorney urges that both the Winter (infra) and Kann (infra) cases cited by the opposition (and referred to below) are in the First Department and that the Second Department has not followed the “ dicta ” of Kann.
This court was troubled by the question of a husband’s liability for necessary legal expenses paid by a wife with adequate means in defending a matrimonial action instituted by him, and by the further question of the power of the court to grant an award of any such counsel fees as an incident to a final judgment of divorce in such circumstances. In the First Department it would appear that the court may not, in the matrimonial action, award such fees where a wife is able to pay. In Kann v. Kann (38 A D 2d 545 [1st Dept., 1971]) the court states: “ Counsel fees are awarded in a matrimonial action in order to insure that an indigent wife has legal representation. If she is able to pay for her own counsel, no award may be made. Of course, any person who advances her the sum on the strength of the husband’s credit may sue him for necessaries, the result being dependent on all the factors which govern such actions.”